1997 proceeding in existence. We agree. "Consolidation is the merging of various [proceedings] into one [proceeding], which takes on one caption and culminates in one judgment" (*Matter of Associated Blind Hous. Dev. Corp. v State of N. Y. Dept. of Pub. Serv.*, 142 AD2d 825, 827). Venue of a proceeding is changed when proceedings are consolidated, but not when a joint trial is ordered (*see, Barch v Avco Corp.*, 30 AD2d 241).

In granting respondents' motion and dismissing the 1994 petitions and denying petitioner's cross motion for relief from dismissal under RPTL 718, the court in a letter decision stated that the order of June 15, 1998 provided for a joint trial and did not merge the various petitions into a single proceeding or create a new proceeding.

The June 15th order, however, in fact ordered consolidation, and the court lacks the power to correct an error of substance in a prior order even upon a motion under CPLR 5019 (*see, Bolger v Davis*, 127 AD2d 979). Thus, because there is a single consolidated 1997 proceeding and the 1994 petitions no longer have separate existence, respondents' motion to dismiss the 1994 petitions pursuant to RPTL 718 (2) (d) and petitioner's cross motion to be relieved of dismissal should have been dismissed.

We note that this result is contrary to the intent of RPTL 718 to reduce the uncertainty of financial planning for governmental units dependent upon real property taxes caused by delay in resolving assessment disputes. The parties sought to be protected, however, include respondent towns, and their successful motion caused the situation in which they find themselves. They may not be heard to contend otherwise. (Appeals from Order of Supreme Court, Wayne County, Kehoe, J.—RPTL.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.

■ ANNETTE LORENZO-JAKUBOWSKI, Also Known as ANNETTE LORENZO, Respondent, v GREGORY F. JAKUBOWSKI, Appellant. (Appeal No. 1.) [705 NYS2d 542] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Support.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.

■ ANNETTE LORENZO-JAKUBOWSKI, Also Known as ANNETTE LORENZO, Respondent, v GREGORY F. JAKUBOWSKI, Appellant. (Appeal No. 2.) [705 NYS2d 542] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County,